This is an action of trespass vi et armis against the defendant, for the act of his servant. The jury have found, under the charge of the court, that the defendant did not command or assent to the trespass committed by the servant.
The plaintiff contends that the defendant is liable for the *Page 287 
acts of his servant in this action, notwithstanding he knew nothing of them. The law on this subject is clearly laid down by Lord Kenyon inMcManus v. Crickett, 1 East, 106. He says a master is not liable in trespass for the willful act of his servant done without the direction or assent of his master. He further remarked that it was a question of very general concern, and had been often canvassed; but he hoped it would at last be at rest.
An action on the case would be against a master for any damages arising to another from the negligence or unskillfulness of his servant acting in his employ, although the master knew nothing of the act at the time; as when the captain of a vessel runs down another vessel by his negligence or (391) unskillfulness, or where a servant does another an injury by negligently driving his master's carriage or riding his horses. 1 East, 106; 1 Chitty, 68, 131; 3 Wills, 317.
But where a servant willfully commits an injury to another, although in his master's employ, as if he willfully drives his master's carriage against another, the master not knowing or assenting to it, an action of trespass cannot be sustained against the master.
Motion for a new trial overruled.
Cited: Parham v. Blackwelder, 30 N.C. 449; Stewart v. Lumber Co.,146 N.C. 88.